IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| MB HUTSON, *a/k/a MB Hudson*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| THOMAS L. HARPER, ESQ.; JOHN ) | |
| WILKERSON, ESQ.; FRANK J. ) | |
| GORDON, ESQ.; TIMOTHY J. NEWTON, ) | No. 2:22-cv-00941-DCN-MHC |
| ESQ.; JOHN GRANTLAND, ESQ.; ) | |
| WILLIAM JOHNSON, ESQ.; RICHARD ) | **ORDER** |
| CLARK; STEVEN LOVELL; TLC ) | |
| HOLDINGS, LLC; CHRISTIAN ) | |
| STEGMAIER, ESQ.; PENN AMERICA ) | |
| INSURANCE COMPANY AND GLOBAL ) | |
| INDEMNITY GROUP, INC.; WOMBLE ) | |
| CARLYLE SANDRIDGE & RICE LLP; ) | |
| TURNER PADGET GRAHAM & LANEY ) | |
| P.A.; MILLBURG GORDON STEWART ) | |
| PLLC; MURPHY GRANTLAND P.C.; ) | |
| JOHNSON DURANT & NESTER LLC; ) | |
| COLLINS & LACY, P.C., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court on Magistrate Judge Molly H. Cherry's report and recommendation ("R&R"), ECF No. 26, that the court dismiss plaintiff MB Hutson, a/k/a MB Hudson's ("Hutson") amended complaint, ECF No. 12, without prejudice. For the reasons set forth below, the court adopts the R&R and dismisses Hutson's amended complaint without prejudice, based on the court's lack of jurisdiction.

### I. BACKGROUND

In December 2010, Hutson entered into a Lease Purchase Agreement and a Membership Interest Purchase Agreement with defendant TLC Holdings, LLC and

1

Richard Clark, Jimmy Lovell, and James Thigpen (collectively, the "BWR parties") for a property in Clarendon County, South Carolina known as the Big Water Resort ("BWR"). In a prior case before this court, the BWR parties brought a third-party claim against Hutson for equitable indemnification, alleging that after they transferred the BWR to Hutson, Hutson exposed them to liability by detrimentally operating the BWR. Reed v. Big Water Resort, LLC, No. 2:14-cv-01583-DCN, 2017 WL 11681185 (D.S.C. Mar. 27, 2017). Hutson filed eight counterclaims, including several for fraud. Reed v. Big Water Resort, LLC, 2016 WL 2935891, at *3 (D.S.C. May 20, 2016). The court granted summary judgment in favor of the BWR parties on Hutson's counterclaims. Id. at *8.

In the instant action, Hutson again "alleges fraud" as it relates to the Lease Purchase Agreement and Membership Interest Purchase Agreement. ECF No. 12, Amend. Compl. at 7. From there, Hutson's claims dovetail, and as best as the court and the magistrate judge can construe them, Huston alleges that defendants—largely consisting of his prior counsel—committed malpractice and violated Hutson's Seventh Amendment rights by "preventing [his] cases from being [] heard" before the courts, by "caus[ing] [Hutson] to lose all hearings, court cases, and filings," and by failing to disclose information, allegedly resulting in a public docket where the perception is that Hutson "is a liar" and "Defendants are the good guys." Id. at 4.[1]

---

[1] Hutson also alleges that defendants Timothy Newton, John Grantland, Christian Stegmaier, and Penn America Insurance Company & Global Indemnity Group, Inc. prevented Hutson from filing a complaint in state court because they obtained a permanent injunction against him prohibiting him from doing so. As the magistrate judge noted, Hutson is likely referring to a case in the Clarendon County Court of Common Pleas in which the court entered a stipulation of dismissal against Hutson. ECF No. 26 at 2 n.1 (citing George v. Hutson, No. 2013CP1400333).

On March 22, 2022, Hutson, proceeding pro se, initiated this action against defendants. ECF No. 1. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), Hutson's complaint was referred to Magistrate Judge Cherry. On May 24, 2022, the magistrate judge issued a proper form order, stating that Hutson's complaint was not in proper form for service and explaining that Hutson's complaint was subject to dismissal under Fed. R. Civ. P. 41 if he did not bring his case into proper form within twenty-one days. ECF No. 8 at 5. On June 21, 2022, Hutson filed an amended complaint. ECF No. 12, Amend. Compl. On September 13, 2022, the magistrate judge issued a second proper form order, explaining that Hutson had failed to file all the required documents to bring his case into proper form and giving Hutson additional time to file the required documents. ECF No. 15.

On October 6, 2022, Hutson filed a motion seeking to exchange one exhibit of his amended complaint out for another. ECF No. 21. The magistrate judge construed the request as a motion to amend the complaint and denied it on October 13, 2022, noting that Hutson had failed to submit a complete proposed amended complaint. ECF No. 23 at 2. On November 15, 2022, Magistrate Judge Cherry issued the R&R, recommending that the court dismiss the amended complaint for lack of jurisdiction and for failure to bring the case into proper form. ECF No. 26, R&R. On November 28, 2022, Hutson filed his objections to the R&R. ECF No. 29.

## II.  STANDARD

### A.  Order on R&R

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C.

3

§ 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270–71 (1976). However, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the magistrate judge's proposed findings. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the court reviews the R&R only for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted).

### B. Pro Se Litigants

Petitioner is proceeding pro se in this case. Pro se complaints and petitions should be construed liberally by this court and are held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), cert. denied, 439 U.S. 970, 99 (1978). A federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990).

### III.   DISCUSSION

The magistrate judge recommended dismissal based on lack of jurisdiction and based on Hutson's failure to bring the case into proper form. Before turning to Hutson's

4

objections on those issues, the court briefly addresses Hutson's extraneous objections[2] that do not relate to either ground.

Under Objection No. 4, Hutson objects to the R&R's "Standard of Review" paragraph. ECF No. 29 at 3. In that section, the magistrate judge noted that 28 U.S.C. § 1915 allows a district court to dismiss a case brought by an indigent litigant if it finds that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." R&R at 3 (quoting 28 U.S.C. § 1915(e)(2)(B)). Hutson spends the bulk of his objections arguing that each of his causes of action constitutes a proper claim under the law. ECF No. 29 at 3–14. Importantly though, the magistrate judge did not base the recommendation to dismiss on Hutson's failure to state a claim. Despite noting that the court may dismiss a complaint on those grounds under the standards of review, the magistrate judge ultimately recommended dismissal on jurisdictional and proper-form grounds. At most, the magistrate judge noted that even if the court strained to recognize a cause of action under the Seventh Amendment, such an action would fail to state a claim. R&R at 6 ("[A] Seventh Amendment claim as to a civil jury trial right in state court is meritless because this right has not been extended to the states through the

---

[2] Some of Hutson's "objections" appear to be mere comments on the R&R. For example, in Objection No. 1, Hutson appears to agree with the first paragraph of the R&R and restates that he filed an amended complaint, and that Magistrate Judge Cherry was assigned to the case. ECF No. 29 at 2. Hutson does not need to respond to each paragraph in the R&R if he has no objection.

Fourteenth Amendment."). Therefore, Hutson's objections related to the merits of his claims are irrelevant for purposes of this order.[3]

The court proceeds to consider the magistrate judge's recommendations below, starting with the recommendation to dismiss Hutson's complaint on jurisdictional grounds. Because the court agrees and finds jurisdiction lacking, the court ends its inquiry there and dismisses the complaint without prejudice, as reflected below.

Hutson did not plead a basis for subject matter jurisdiction in either his complaint or amended complaint, but the magistrate judge favorably agreed to analyze each potential basis for subject matter jurisdiction. The court agrees to do the same, noting that Hutson fails to object to any of the magistrate judge's findings on the three potential avenues for jurisdiction.

First, 28 U.S.C. § 1331 confers what is known as federal question jurisdiction over civil actions "arising under" federal law. "Cases generally are deemed to 'arise under' federal law when it is federal law, not state law, that creates the cause of action." See Burrell v. Bayer Corp., 918 F.3d 372, 378–79 (4th Cir. 2019) (quoting Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986)). Viewed favorably, Hutson's complaint alleges a violation of the Seventh Amendment of the United States Constitution—a federal law—but as the magistrate judge explained, none of the

---

[3] Even if the court were to delve into the merits, Hutson's objections fail. First, Hutson cites Texas state common law in support of his South Carolina claims for attorney fraud. See, e.g., ECF No. 29 at 4 (citing Hennigan v. Harris County, 593 S.W.2d 380, 384–85 (Tex. App.-Waco 1979, writ ref'd n.r.e.)). These authorities have limited bearing on Hutson's claims. Then, under his Seventh Amendment argument, Hutson argues that the statute of limitations should be tolled, id. at 10, but does not address the R&R's finding that a dismissal for failure to state a claim or lack of jurisdiction does not deprive an individual of a Seventh Amendment right to a trial by jury, R&R at 6.

defendants in this case satisfy the state-action requirement given that they are all individual attorneys, law firms, or publicly-held corporations. R&R at 5 (citing Davison v. Randall, 912 F.3d 666, 679 (4th Cir. 2019)). Hutson's Seventh Amendment claim is therefore not a viable federal cause of action. Without a viable Seventh Amendment claim, Hutson has only alleged state law claims, and federal question jurisdiction is lacking.

Second, 28 U.S.C. § 1332(a) provides that a federal court has jurisdiction based on diversity of citizenship if two requirements are met: (1) all plaintiffs and defendants are citizens of different states, and (2) the amount of controversy exceeds the sum of $75,000. Setting aside the amount in controversy, complete diversity is non-existent in this case. For the purposes of jurisdiction, a person is a citizen of the state in which she is domiciled. Scott v. Cricket Commc'ns, LLC, 865 F.3d 189, 195 (4th Cir. 2017). Hutson is a citizen and resident of South Carolina. Amend. Compl. at 3. Even without considering any of the non-individual defendants, Hutson's own pleading states that several defendants are residents of South Carolina, including defendants Thomas L. Harper, John Wilkerson, Timothy J. Newton, John Grantland, Christian Stegmaier. Id. Diversity jurisdiction would be lacking if even one defendant were a citizen of South Carolina. Therefore, the court lacks diversity jurisdiction.

Third, Fed. R. Civ. P. 60 allows a court, on a motion and just terms, to relieve a party from a final judgment, order, or proceeding when, among other reasons, there is a showing of fraud upon the court. To be clear, Hutson did not state that he was seeking such relief in any capacity, but the magistrate judge favorably construed the amended complaint as seeking such relief. But even then, the magistrate judge determined that the

7

amended complaint failed to meet the specific requirements of Fed. R. Civ. P. 60, and the court agrees. R&R at 8 (citing Fed. R. Civ. P. 60(c)(1)). Chief among the reasons, the complaint is untimely even if it seeks relief under the rule. A motion under Rule 60(b) must be made no more than a year after the entry of the judgment or order at issue. This court granted summary judgment on Hutson's counterclaims in Reed v. Big Water Resort, LLC on May 20, 2016, 2016 WL 2935891, and Hutson filed his complaint in this case on March 22, 2022, ECF No. 1. Therefore, to the extent Rule 60 would allow Hutson to navigate around the statutory bases for jurisdiction, the rule is not available to him.

  Hutson does not specifically object to the magistrate judge's recommendations. Instead, Hutson argues that the court "has supplemental jurisdiction over [Hutson's] State law claims . . . because those claims are joined with substantial and related claims under federal law." ECF No. 29 at 14. Hutson then argues that the court has subject matter jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367 because his state law claims "are interrelated" with his federal claims and "arise from a common nucleus of operative facts." Id. at 14. Hutson puts the cart before the horse. The magistrate judge determined that Hutson had not alleged a viable federal law claim, and federal question jurisdiction was therefore lacking. Again, Hutson fails to offer any reason why that finding was wrong, as he has not shown he has a viable Seventh Amendment cause of action. The court therefore did not have original jurisdiction to begin with, and it need not consider whether it has supplemental jurisdiction. 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims . . . ."); United Mine Workers of Am.

v. Gibbs, 383 U.S. 715, 726 (1966); Yarborough v. Burger King Corp., 406 F. Supp. 2d 605, 609 (M.D.N.C. 2005) ("Because all federal claims will be dismissed, supplemental jurisdiction is not available.").

The court could entertain one more scenario for Hutson's benefit, but jurisdiction is lacking all the same. Assuming the court construes its decision on his Seventh Amendment claim above as a "dismissal" of a viable claim, Hutson could plausibly argue that the court may retain supplemental jurisdiction. In that event, the court declines to do so. The supplemental jurisdiction statute provides the court discretion to dismiss or keep a case when it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367. District courts have discretion in making this determination and "should consider and weigh [several factors, including] . . . judicial economy, convenience, fairness, and comity." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). Applying these factors, the court finds that these considerations weigh against the exercise of supplemental jurisdiction. Any concerns for judicial economy are minimal as the complaint has not even been properly served to defendants yet. Further, to the extent the court "dismissed" Hutson's Seventh Amendment claim, it was not a particularly close decision, and it would not be unfair to require Hutson bring his claims in state court.

Therefore, the court overrules Hutson's objections regarding supplemental jurisdiction, and dismissal without prejudice is warranted on jurisdictional grounds. Should Hutson wish to file a case against these defendants, it must be filed in state, not federal court. As the court has previously noted, "[t]he first class on the first day of 'Baby Judges' School' is about jurisdiction because if a court lacks jurisdiction, it lacks the authority or power to do anything." Fernandez v. Groundworks Operations, LLC,

2023 WL 1110942, at *1 n.1 (D.S.C. Jan. 30, 2023); see also Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 515 (4th Cir. 2003) (explaining that the court's obligation to reach a judgment on subject matter jurisdiction issues is "more unflagging" than virtually all other contexts). Therefore, since lack of subject matter jurisdiction alone requires dismissal of the case, the court ends its inquiry there and does not find it necessary to consider the alternative recommendation to dismiss the complaint for failure to bring it into proper form.

## IV.  CONCLUSION

For the foregoing reasons, the court **ADOPTS** the R&R and **DISMISSES** the amended complaint without prejudice.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**April 21, 2023
Charleston, South Carolina**